IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN COLEMAN, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MELISSA COLEMAN, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>FILIMON GHEBREMEHARI and ELU TRUCKING LLC, *et al.*,<br><br>Defendants. | CASE NO.: 3:19-cv-01244<br><br>JUDGE J. PHIL GILBERT<br>MAG. JUDGE MARK A. BEATTY<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ELU TRUCKING LLC TO PLAINTIFF'S COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Defendant ELU Trucking LLC ("Defendant"), by and through counsel, and states for its Answer to the Complaint of Plaintiff as follows:

**FIRST DEFENSE**

**Count I – Filimon Ghebremehari**

1. Defendant admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies that Melissa Coleman acted with due caution for her own safety. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Filimon Ghebremehari was driving a truck owned by Defendant and was traveling on Interstate 70. Defendant denies any allegations of negligence or wrongdoing on the part of Mr. Ghebremehari. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits that Melissa Coleman rear-ended the tractor trailer driven by Mr. Ghebremehari. Further answering, Defendant denies the remaining allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

## Count II – ELU Trucking LLC

1-5. Defendant restates and reavers Paragraphs 1 through 5 of its Answer to Plaintiffs' Complaint as if fully rewritten herein.

6. Defendant denies all allegations of negligence or wrongdoing. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

820115; 1382-0013

## SECOND DEFENSE

11. Defendant affirmatively alleges, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

12. Defendant affirmatively alleges, in the alternative, that Plaintiff has failed to join all parties necessary and/or indispensable for just adjudication of this matter.

## FOURTH DEFENSE

13. Defendant affirmatively alleges, in the alternative, that any damages that were allegedly sustained by Plaintiff and/or Plaintiff's decedent are barred in whole or in part by comparative and/or contributory negligence.

## FIFTH DEFENSE

14. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred as Plaintiff and/or Plaintiff's decedent assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise, incidental to the allegations set forth in Plaintiff's Complaint.

## SIXTH DEFENSE

15. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred under the doctrine of superseding and/or intervening cause.

## SEVENTH DEFENSE

16. Defendant affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiff were caused by the acts or omissions of persons and/or entities other than Defendant, and over whose conduct Defendant had no control, right to control, responsibility, or reason to anticipate.

### EIGHTH DEFENSE

17. Defendant affirmatively alleges, in the alternative, that Plaintiff and/or Plaintiff's decedent failed to act in a manner consistent with how a reasonably prudent person would act under the same or similar circumstances.

### NINTH DEFENSE

18. Defendant affirmatively alleges, in the alternative, that Plaintiff's claims are barred by sudden emergency.

### TENTH DEFENSE

19. Defendant affirmatively alleges, in the alternative, that Plaintiff's claims are barred as there is no evidence of conscious pain and suffering.

### ELEVENTH DEFENSE

20. Defendant affirmatively alleges, in the alternative, to the extent payments have been paid to Plaintiff, on Plaintiff's behalf, and/or to Plaintiff's decedent's beneficiaries for injuries alleged, such payments must be set off against damages awarded herein.

### TWELFTH DEFENSE

21. Defendant affirmatively alleges, in the alternative, that Plaintiff failed to mitigate damages.

### THIRTEENTH DEFENSE

22. Defendant affirmatively alleges, in the alternative, that it is entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available under Illinois law.

## FOURTEENTH DEFENSE

23. Defendant respectfully reserves the right to amend its Answer to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed with prejudice, at Plaintiff's costs.

>Respectfully submitted,
>
>/s/ *Audrey K. Bentz*
>STEVEN G. JANIK (0021934)
>AUDREY K. BENTZ (0081361)
>JANIK L.L.P.
>9200 South Hills Blvd., Suite 300
>Cleveland, Ohio 44147
>(440) 838-7600 * Fax (440) 838-7601
>Email:  Steven.Janik@Janiklaw.com
>            Audrey.Bentz@Janiklaw.com
>*Attorneys for Defendant ELU Trucking LLC*

## JURY DEMAND

Defendant ELU Trucking LLC hereby demands a trial by jury.

>  */s/Audrey K. Bentz*
>  *Attorney for Defendant ELU Trucking LLC*

5

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Answer and Affirmative Defenses of ELU Trucking LLC* was filed electronically this 20th day of November, 2019. Notice of this filing will be sent to Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/Audrey K. Bentz*
    *Attorneys for Defendant ELU Trucking LLC*