IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AUSTIN COLEMAN, *as Special Administrator for the Estate of Melissa Coleman*,

Plaintiff,

v.

FILIMON GHEBREMEHARI, *deceased*, and ELU TRUCKING, LLC,

Defendants.

Case No. 19-1244 JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by defendant ELU Trucking, LLC:

**Failure to allege the citizenship of decedent.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008)**;** *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). The Notice of Removal does not allege Melissa Coleman's citizenship prior to her death. Also it alleges residence but not citizenship of defendant Filimon Ghebremehari.

**Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies are citizens of every state of which any member is a citizen); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company. Defendant states the

members of ELU are residents of Texas but this is not enough.  Defendant must allege each member of the LLC and its citizenship.

The Court hereby **ORDERS** the defendant shall have up to and including December 9, 2019 to amend the faulty pleading to correct the jurisdictional defects.  *See* 28 U.S.C. § 1653.  Failure to cure the noted defects will result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Defendants are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

The Court further notes that the notice of removal indicates that defendant Filimon Ghebremehari is deceased.  Pursuant to Federal Rule of Civil Procedure 25(a)(1), any party has 90 days from service of a statement noting the death to file a motion for substitution.  The plaintiff is **WARNED** that if such motion is not filed within 90 days of service of the notice of removal, any and all claims against the decedent will be dismissed with prejudice.

**IT IS SO ORDERED.**
**DATED: November 25, 2019**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**