IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AUSTIN COLEMAN, *as Special Administrator for the Estate of Melissa Coleman*,

    Plaintiff,

v.

FILIMON GHEBREMEHARI, *deceased*, and ELU TRUCKING, LLC,

    Defendants.

Case No. 19-cv-1244-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Austin Coleman's motion to vacate (Doc. 26) the Court's February 19, 2020, order (Doc. 25) dismissing all claims against defendant Filimon Ghebremehari with prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1) in light of Ghebremehari's death and the failure of any party to seek substitution within 90 days of service of a statement noting his death. Coleman notes his diligent efforts to locate the appropriate representative of Ghebremehari's estate to substitute and the ongoing discussions with defendant ELU Trucking, LLC regarding that estate. He asks the Court to vacate the order of dismissal with prejudice and then either to dismiss the claims against Ghebremehari without prejudice pursuant to Rule 25(a)(1), to allow the plaintiff to voluntarily dismiss those claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a), or to extend the time to file a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a)(1). Coleman further contests the adequacy of ELU's notice of removal as a "statement noting the death" sufficient to trigger the 90-day substitution period.

The Court construes Coleman's motion as a motion to reconsider subject to the law of the case doctrine. "A court has the power to revisit prior decisions of its own . . . in any

circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

In this case, the Court erred in its prior order when it assumed the notice of removal satisfied Rule 25(a)(1)'s requirement of a "statement noting the death" of Ghebremehari. It appears that an appropriate "statement noting the death" of Ghebremehari has not been served. *See Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) ("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death. Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution."). The Court further notes that Coleman has made diligent efforts to locate the appropriate party to substitute. In light of these factors, the Court **GRANTS** the motion to vacate (Doc. 26), **VACATES** the February 19, 2020, order of dismissal with prejudice (Doc. 25), and **REINSTATES** Ghebremehari as a party to this case.

The Court further declines to construe Coleman's motion to vacate as a notice of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) because it does not seek to dismiss "'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (considering Rule 41(a)(2); internal quotations omitted). The proper way to dismiss less than an entire action is to file an amended complaint under Federal Rule of Civil Procedure 15(a) omitting the claims to be dismissed. *Id.*

One further procedural matter warrants mentioning—service of process. Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). For removed cases, the 90-day clock starts on the date of removal. *UWM Student Assoc. v. Lovell*, 888 F.3d 854 (7th Cir. 2018). This rule requires a court to grant an extension if the plaintiff shows good cause, but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

There is no evidence in the record that Ghebremehari was served in state court or within 90 days of the notice of removal as required by Rule 4(m). The Court finds that the failure to serve was for good cause but that this case simply cannot linger without service, a properly filed suggestion of death, or a motion to substitute an appropriate party. Accordingly, the Court **ORDERS** that Coleman shall have up to and including May 29, 2020, to accomplish service. That should give Coleman sufficient time to identify the appropriate party to substitute and to

accomplish service on that party.  Should substitution and/or service not be accomplished by that time, the Court will dismiss Ghebremehari from this lawsuit without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**
**DATED: February 28, 2020**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**